## N. Y. SUPERIOR COURT.

EDWARD MOORE, plaintiff, agt. PATRICK DEVOY, defendant.

In an action for assault and false imprisonment, an *answer* of the defendant, after denying all the facts set forth in the complaint, alleges, as a distinct defense " by way of justification and mitigation, that whatsoever acts he committed in relation to the plaintiff, at the times and places specified in the complaint, were done without malice and in due discharge of his office, as deputy sheriff, and not otherwise," is impertinent and irrelevant, and constitutes no defense whatever.

*Heard, Special Term, January,* 1869.
*Decided, January* 26, 1869.

DEMURRER to answer. This is an action for an assault and false imprisonment. The defendant denies each and every allegation of the complaint, and, *secondly,* avers, as a separate and distinct offence, " by way of justification and mitigation, that whatsoever acts he committed in relation to the plaintiff at the times and places specified in the complaint were done without malice and in due discharge of his office as deputy sheriff, and not otherwise." The plaintiff demurs to this second defense so set up in the answer.

A. H. REAVY, *for plaintiff.*
W. F. HOWE, *for defendant.*

BARBOUR, J. The defendant had a right to confess the assault and imprisonment charged in the complaint, and avoid liability therefor, by an averment of sufficient facts to constitute a legal justification. But an answer, which, after denying all the facts set forth in the complaint, alleges that whatever was done by the defendant was done by him as a deputy sheriff, is not only duplex, but the latter allegations are wholly impertinent and irrelevant, and constitute no defense whatever.

Besides, the facts, stated in the answer, that the defendant was a deputy sheriff and that what he did was done in the performance of his duty as such, do not amount to a justification for the alleged assault and imprisonment, in the absence of an averment that he acted under and in pursuance of process duly issued by a proper court or officer or for the purpose of preventing or suppressing a breach of the peace, or of arresting a person whom he had reason to believe to be a felon in a case where a felony had actually been committeed. Indeed, I am not aware of any instance where a sheriff or other officer can legally arrest, imprison, or assault a man, without due process of law, in which any other citizen may not lawfully do the same thing.

The demurrer must be sustained, with costs to the plaintiff.